# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | |
|---|---|
| **WILLIE MOORE and MARTHA MOORE,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION FILE** |
| v. ) | **NO. _____** |
| ) | |
| **BRANDON CRAWFORD; COWBOY USA** ) | |
| **EXPEDITED SERVICES, LLC;** ) | |
| **EMPLOYERS MUTUAL CASUALTY** ) | |
| **COMPANY; and JOHN DOES 1-10,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

The plaintiffs, through counsel, sue defendants and allege the following:

### PARTIES, JURISDICTION, AND VENUE

1. The plaintiffs, Willie Moore and Martha Moore, reside at 1384 Ridge Road in Thomson, McDuffie County, Georgia.

2. Upon information and belief, defendant Brandon Crawford resides at 333 Pioneer Trail in Walterboro, South Carolina.

3. Upon information and belief, defendant Cowboy USA Expedited Services, LLC ("Cowboy USA") is a foreign Limited Liability Company organized under the laws of the state of South Carolina. Cowboy USA has no reported Registered Agent in Georgia and may be served through its registered agent, Gina Derry, 1256 Rodeo Drive, Walterboro, South Carolina 29488.

4. The defendant, Employers Mutual Casualty Company ("Employers Mutual") is a Foreign Insurance Company authorized to do business in Georgia with its principal office located in Des Moines, Iowa. Employers Mutual may be served through its Registered Agent, Kevin Shires, 5830 Bond Street, Suite 300, Cumming, Forsyth County, Georgia 30040.

5. The defendants, John Does 1-10, are currently unknown to the plaintiffs but are believed to be liable to the plaintiffs for all or part of their damages.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because there is a complete diversity of citizenship of the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events and/or omissions giving rise to this claim occurred in McDuffie County, Georgia.

## COUNT I
## NEGLIGENCE – BRANDON CRAWFORD

The plaintiffs repeat the allegations contained in paragraphs 1 through 7 as though fully set forth herein and further allege the following:

8. On or about July 8, 2020, at approximately 7:29 a.m., the plaintiffs were traveling east on Interstate 20 in the right lane near mile marker 176 in McDuffie County, Georgia. The plaintiff Willie Moore was driving his 2004 Ford pick-up truck. The plaintiff Martha Moore was a front seat passenger.

9. At that time and place, defendant Brandon Crawford was driving a 2013 Volvo tractor and trailer behind the plaintiffs.

10. Defendant Crawford struck the rear of the plaintiffs' vehicle resulting in a violent collision.

11. Defendant Crawford was negligent, inter alia, and breached his duty of care to the plaintiffs, in one or more of the following ways:

    a. Failing to maintain control of his motor vehicle;

    b. Failing to use due care while operating his motor vehicle;

      c.      Failing to drive his vehicle at a reasonable and prudent speed when approaching vehicles ahead of him;

      d.      Failing to remain alert while approaching vehicles ahead of him;

      e.      Driving too fast for conditions in violation of O.C.G.A. §40-6-180.

      f.      Failing to exercise ordinary care in the control, speed, and movements of his vehicle to avoid a collision;

      g.      Following too closely in violation of O.C.G.A. §40-6-49; and,

      h.      Driving while distracted in violation of O.C.G.A. §§40-6-241, 40-6-241.1, and 40-6-241.2.

12.    As a direct and proximate result of defendant Crawford's negligence, the plaintiffs suffered general and special damages to be proven at trial.

13.    The vehicle that the plaintiffs were in at the time of the collision was damaged beyond repair as a direct and proximate result of defendant Crawford's negligence.

## COUNT II – RESPONDEAT SUPERIOR

The plaintiffs repeat the allegations contained in paragraphs 1 through 13 as though fully set forth herein and further allege the following:

14.    The defendant, Brandon Crawford, was an employee and/or agent of defendant Cowboy USA and acting within the course and scope of his employment and/or agency at all times relevant to the allegations in this complaint.

15.    The defendant, Cowboy USA, is liable for the negligent acts and/or omissions of its employees and/or agents including, but not limited to, Brandon Crawford, for negligent acts and omissions that occur during the course and scope of the employment and/or agency.

## COUNT III
## NEGLIGENT HIRING, RETENTION, AND SUPERVISION – COWBOY USA

The plaintiffs repeat the allegations contained in paragraphs 1 through 15 as though fully set forth herein and further allege the following:

16. The defendant, Cowboy USA, owed a duty to the plaintiffs to hire, retain, and supervise employees and agents who are competent and/or suited for the particular employment for which they were hired.

17. The defendant, Cowboy USA, breached its duty of care to the plaintiffs and was negligent, inter alia, in hiring, retaining, and supervising defendant Crawford when it knew, or should have known, that he was not competent and/or not suited for the particular employment for which he was hired.

## COUNT IV
## DIRECT ACTION CLAIM – EMPLOYERS MUTUAL CASUALTY COMPANY

The plaintiffs repeat the allegations contained in paragraphs 1 through 17 as though fully set forth herein and further allege the following:

18. Cowboy USA is a motor carrier as that term is defined in O.C.G.A. §40-1-100(12).

19. Cowboy USA had a liability insurance policy in place with Employers Mutual that was in full force and effect on the day of the collision that is the subject of this lawsuit.

20. The liability insurance policy was issued for the protection of the public against the negligence of Cowboy USA, its employees, agents, and/or those individuals under its dispatch including, but not limited to, defendant Crawford, when such negligence is determined to be a proximate cause of any injury.

21. Employers Mutual is directly liable to the plaintiffs for the negligent acts of

Cowboy USA, its employees, agents, and/or those individuals under its dispatch including, but not limited to, defendant Crawford, that occur in the State of Georgia and, specifically, the collision that is the subject of this lawsuit.

### COUNT V
### PUNITIVE DAMAGES - O.C.G.A. §51-12-5.1

The plaintiffs repeat the allegations contained in paragraphs 1 through 21 as though fully set forth herein and further allege the following:

22.     There are aggravating circumstances present in this case.  Pursuant to O.C.G.A. §51-12-5.1, the plaintiffs are entitled to recover punitive damages from the defendants. The conduct and acts of defendants Crawford and Cowboy USA evidence a willful and wanton disregard for the safety of others. Specifically, the defendants acted recklessly, willfully, and wantonly and demonstrated a conscious and reckless disregard for the safety of the public, including the plaintiffs.

### COUNT VI
### ATTORNEY'S FEES and LITIGATION EXPENSES
### O.C.G.A. §§13-6-11 and 9-15-14

The plaintiffs repeat the allegations contained in paragraphs 1 through 22 as though fully set forth herein and further allege the following:

23.     The plaintiffs are entitled to recover attorney's fees and expenses of litigation to be proved at trial because the defendants have acted in bad faith, have been stubbornly litigious, and have caused the plaintiffs unnecessary trouble and expense pursuant to O.C.G.A. §§13-6-11 and 9-15-14.

### COUNT VII – DAMAGES

The plaintiffs repeat the allegations contained in paragraphs 1 through 23 as though fully set forth herein and further allege the following:

24. As a direct and proximate result of the negligence of defendants Crawford, Cowboy USA, and possibly John Does 1-10, the plaintiffs suffered bodily injury and resulting pain and discomfort, disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical expenses, loss of earnings, loss of earning capacity, loss of capacity to work and labor, and loss of business opportunities. The losses are permanent and continuing and the plaintiffs will suffer the losses in the future.

WHEREFORE, the plaintiffs pray as follows:

(a) That the defendants be served as required by law;

(b) That the plaintiffs recover from the defendants all of their past, present, and future general damages;

(c) That the plaintiffs recover from the defendants all of their past, present, and future special damages;

(d) That the plaintiffs recover from the defendants punitive damages pursuant to O.C.G.A. §51-12-5.1;

(e) That the plaintiffs recover from the defendants interest and court costs as provided by law;

(f) That the plaintiffs recover from the defendants attorney's fees and expenses of litigation pursuant to O.C.G.A. §§13-6-11 and 9-15-14;

(g) That the plaintiffs have a trial by jury; and,

(h) That the plaintiffs have such further and other relief as the Court may deem appropriate.

–7–

        **RAYMOND J. DOUMAR, P.C.**

        s/Raymond J. Doumar
        Raymond J. Doumar
        (Georgia Bar No. 227510)
        Bettis C. Rainsford, Jr.
        (Georgia Bar No. 778594)
        One 10th Street, Suite 700
        Augusta, Georgia 30901
        Telephone: 706-722-1700
        ray@doumarlaw.com
        bettis@doumarlaw.com

        **Attorneys for the Plaintiffs**

Augusta, Georgia
September 10, 2020